

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-27,263-07

### EX PARTE WILLIE EUGENE HARDEMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-10380-A IN THE 252ND DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to seventy-five years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Hardeman v. State*, No. 09-13-00468-CR (Tex. App.—Beaumont Nov. 19, 2014)(not designated for publication).

In his supplemental application, Applicant contends, among other things, that counsel failed to interview the individual that actually committed the offense, failed to present exculpatory evidence (an unsworn declaration from the "true perpetrator") that would have exonerated him,

failed to present results from a competency hearing, failed to introduce records from the Department of Veterans Affairs pertaining to Applicant's mental and physical conditions, and failed to object to the trial judge's attempts to coerce Applicant into pleading guilty. Applicant also alleges his plea was involuntary because trial counsel told Applicant that the trial judge wanted the case off his docket and if Applicant insisted on going to trial, the judge would make sure Applicant received a life sentence. Applicant claims he told counsel he was innocent, but counsel continued to coerce and pressure Applicant, and threatened to withdraw from representing Applicant if he insisted on going to trial.

After remand, the trial court recommends denying relief and states, in its findings of fact, that Applicant has failed to establish that his guilty plea was involuntary and that trial counsel did not render constitutionally ineffective assistance of counsel. These findings of fact and the trial court's recommendation to deny relief are not supported by a response from counsel. A response was ordered by this Court in its remand order.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an

attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After obtaining a response from counsel, the trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make findings as to whether the performance of Applicant's attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 15, 2017
Do not publish